IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONNA LEE MILLER            )
                            )
v.                          ) NO. 3-15-1025
                            ) JUDGE CAMPBELL
TENNESSEE DEPARTMENT OF     )
HUMAN SERVICES              )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 28). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part as follows.

INTRODUCTION

Plaintiff alleges that she was employed by the Defendant Tennessee Department of Human Services for several years until December of 2014, when she was transferred from the state office to the Davidson County office, which she claims is a demotion. She contends that she is a qualified individual with a disability under the Americans with Disabilities Act ("ADA") and that Defendant failed to accommodate that disability. Plaintiff alleges violations of the ADA and also the Tennessee Handicap Act, now known as the Tennessee Disability Act ("TDA").

Plaintiff's Amended Complaint also asserts that Defendant discriminated against her because of her age in violation of the Age Discrimination in Employment Act ("ADEA") and that Defendant retaliated against her for exercise of her protected rights under the Family and Medical Leave Act ("FMLA"). She complains that Defendant also retaliated against her for filing complaints under Title VII and under the ADEA, ADA, TDA and Tennessee Human Rights Act ("THRA"). In addition, Plaintiff contends that Defendant violated her constitutional rights under the First Amendment and

discriminated against her because of her exercising her right to communicate with elected public officials, in violation of Tenn. Code Ann. § 8-50-603, which is known as the Public Employee Political Freedom Act ("PEPFA").

Defendant has moved to dismiss all of Plaintiff's claims, arguing that Plaintiff's constitutional claims and her claims under the ADA, ADEA, FMLA, TDA, THRA and PEPFA are barred by the Eleventh Amendment and sovereign immunity. Defendant also claims that, even if they were not barred, Plaintiff has failed to state a claim for retaliation under Title VII and the FMLA and has failed to state a constitutional claim under 42 U.S.C. § 1983.

Plaintiff has conceded that her constitutional claims are barred, and those claims are, by agreement, DISMISSED.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

ELEVENTH AMENDMENT

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." *Board of Trustees of the Univ. of Alabama v. Garrett*, 121 S.Ct. 955, 961-62 (2001). The Court has extended the Amendment's applicability to suits by citizens against their own States. *Id*. at 962. The Court has also held that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Id*.

The Sixth Circuit has held: "rather than an affirmative defense, the Eleventh Amendment is a true jurisdictional bar that courts can - but are not required to - raise *sua sponte* at any stage in litigation, and, once raised as a jurisdictional defect, must be decided before the merits." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015); *Doughty v. Tenn. Dep't. of Children's Services*, 2016 WL 1706145 at * 2 (E.D. Tenn. Apr. 28, 2016).

There are three exceptions to a State's sovereign immunity: (1) when the State has consented to suit; (2) when the *Ex parte Young* exception (discussed below) applies; and (3) when Congress has properly abrogated a State's immunity. *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

Federal Law Claims

The Supreme Court has held that States are immune from liability for money damages under Title I (discrimination in employment) of the ADA.[1] *Garrett*, 121 S.Ct. at 967-68; *Watson v. Ohio*

---

[1] In contrast, the Supreme Court held that an action against the State for money damages under Title II of the ADA, prohibiting discrimination by a public entity, as applied to cases implicating the fundamental right of access to the courts, was not barred by the Eleventh

*Dep't of Rehabilitation & Correction*, 2016 WL 865669 at * 6 (S.D. Ohio March 7, 2016).[2] The Court has also held that States are immune from liability for money damages for violations of the self-care provision of the FMLA. *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327, 1338 (2012); *Diaz v. Michigan Dep't. of Corrections*, 703 F.3d 956, 958 (6th Cir. 2013). In addition, the Court has held that States are immune from liability for money damages under the ADEA. *Kimel v. Florida Bd. of Regents*, 120 S.Ct. 631 (2000); *Latham v. Office of the Attorney General of the State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Therefore, Plaintiff's ADA, FMLA and ADEA claims for money damages against Defendant are barred by the Eleventh Amendment and are, accordingly, dismissed.

Plaintiff also seeks injunctive relief under these statutes, however. To ensure the enforcement of federal law, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Coyle v. University of Kentucky*, 2 F.Supp.2d 1014 (E.D. Ky. 2014). Under Sixth Circuit precedent, the Eleventh Amendment does not bar suits for equitable, prospective relief against state officials in their official capacities. *Diaz*, 703 F.3d at 964. This exception to state sovereign immunity is known as the *Ex parte Young* doctrine.

The doctrine of *Ex parte Young* rests on the premise that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for

---

Amendment. *Tennessee v. Lane*, 124 S.Ct. 1978, 1994 (2004).

[2] Although the Sixth Circuit has not ruled on the issue of Eleventh Amendment immunity under Title V of the ADA (retaliation), numerous courts have interpreted the Supreme Court's holding in *Garrett* as necessarily applying to claims brought under Title V. *Lors v. Dean*, 746 F.3d 857, 862-63 (8th Cir. 2014) and cases cited therein; *Watson* at * 6 ; *Emery v. Michigan Dep't of Civil Rights*, 2016 WL 1090429 at * 2 (E.D. Mich. March 21, 2016). This Court agrees with the rulings of these courts.

4

sovereign immunity purposes, so immunity does not apply. *Virginia Office for Protection and Advocacy v. Stewart*, 131 S.Ct. 1632, 1638 (2011). The exception rests on the theory that, at least for purposes of prospective relief, a state official who violates federal law is "stripped of his official or representative character." *Michigan Corrections Org. v. Michigan Dep't of Corrections*, 774 F.3d 895, 904 (6th Cir. 2014).

Thus, the *Ex parte Young* Doctrine does not apply where, as here, a plaintiff sues a state agency, not a state official.[3] *Henderson v. Southwest Tenn. Community College*, 282 F.Supp.2d 804, 807, n. 2 (W.D. Tenn. 2003). Accordingly, Plaintiff's requests for injunctive relief under the ADA, FMLA and ADEA are barred by the Eleventh Amendment immunity as well.

The Eleventh Amendment does not bar Plaintiff's Title VII claim, however. *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999); *Fernanders v. Michigan Dep't. of Military & Veteran Affairs*, 2012 WL 6088311 at * 4 (E.D. Mich. Dec. 6, 2012). The Supreme Court has held that the Eleventh Amendment does not preclude a federal court action against a state under Title VII, finding that the 1972 amendments to Title VII were enacted within the valid power of Congress under Section 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 96 S.Ct. 2666, 2671 (1976); *see also Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1177 (6th Cir. 1987).

Plaintiff alleges that Defendant retaliated against her, by demoting her to the county office, for the exercise of her protected rights under Title VII. That claim is not barred by the Eleventh Amendment.

---

[3] Although Plaintiff's Amended Complaint names Marcia Garner as a Defendant, there is no evidence that Ms. Garner has been served with process or filed any responsive pleading in this matter. Defendant's Motion to Dismiss relates solely to the State Defendant, not to an individual.

Accordingly, Plaintiff's claims against Defendant for money damages and for injunctive relief under federal law are dismissed with prejudice, except for her Title VII retaliation claim.

State Law Claims

Plaintiff also claims that Defendant violated her rights under the THRA, the TDA and PEPFA. Defendant argues that its sovereign immunity bars these claims from being heard in federal court.

Federal courts in Tennessee have consistently held that suits against state entities brought by individuals under the THRA in federal court are disallowed by the Eleventh Amendment. *Grice v. Jackson-Madison County General Hosp. Dist.*, 981 F.Supp.2d 719, 738 (W.D. Tenn. 2013); *Boyd v. Tenn. State Univ.*, 848 F. Supp. 111, 114-15 (M.D. Tenn. 1994). Therefore, Plaintiff's claims under the THRA are barred and should be dismissed. Likewise, federal courts in Tennessee have held that there has been no congressional abrogation or state legislative waiver in the context of the Tennessee Disability Act, and those claims are barred. *Ellis v. State of Tennessee*, 2010 WL 289167 at * 2 (E.D. Tenn. Jan. 20, 2010) (citing Tenn. Code Ann. § 8-50-103, *et seq.*)[4]

The PEPFA provides that it is unlawful for a public employer to discipline, threaten to discipline or otherwise discriminate against an employee because such employee exercised that employee's right to communicate with an elected public official. Tenn. Code Ann. § 8-50-603. Plaintiff has not cited any authority that holds that the State of Tennessee waived its sovereign immunity under this statute or that Congress abrogated that immunity in any way, so her PEPFA claim is also barred.

---

[4] The TDA embodies the definitions and remedies provided by the THRA. *Barnes v. Goodyear Tire and Rubber Co.*, 48 S.W.3d 500, 507 (Tenn. 2000), *abrogated on other grounds* by *Gossett v. Tractor Supply Co., Inc.* 320 S.W.3d 777 (Tenn. 2010).

The Court finds that Plaintiff's state law claims under the THRA, TDA and PEPFA are barred in this Court by the State's sovereign immunity, and those claims are dismissed.

## FAILURE TO STATE A CLAIM

Defendant argues that Plaintiff's Title VII retaliation claim should be dismissed for failure to state a claim. To demonstrate a *prima facie* case of retaliation, Plaintiff must show that (1) she engaged in protected activity; (2) the exercise of her protected rights was known to the Defendant; (3) Defendant took an adverse employment action against her; and (4) there was a causal connection between the protected activity and the adverse action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). Defendant contends that Plaintiff has not alleged facts sufficient to establish the last element of this retaliation claim. The Supreme Court has held that Title VII retaliation claims must be proved according to traditional principles of "but-for" causation. *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 2533 (2013).

That holding describes what Plaintiff must *prove*, however, not what Plaintiff must allege. Defendant's arguments may prevail on a motion for summary judgment or at trial, but under the motion to dismiss standard set forth above, Plaintiff has sufficiently alleged retaliation under Title VII by alleging that she filed numerous complaints and thereafter suffered an adverse employment action.[5] Therefore, Defendant's Motion to Dismiss Plaintiff's Title VII retaliation claim is denied.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Docket No. 28) is GRANTED in part and DENIED in part. Plaintiff's federal and state law claims, except for her Title VII retaliation claim, are DISMISSED for lack of jurisdiction because those claims are barred by the Eleventh

---

[5] Defendant has not challenged the protected activity or adverse employment action requirement of a retaliation claim.

Amendment and sovereign immunity. Plaintiff's Title VII retaliation claim remains set for trial on October 24, 2017.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE