UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONNA LEE COOK,

      Plaintiff,                                    Case Number 15-01025
                                                                Honorable David M. Lawson
v.

MARCIA GARNER,

      Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S (CONVERTED) MOTION FOR SUMMARY
JUDGMENT, AND DISMISSING CASE WITH PREJUDICE</u>**

This case is before the Court on defendant Maria Garner's second motion to dismiss. Plaintiff Donna Cook had filed an amended complaint against Garner and Tennessee's Department of Human Services (DHS) alleging a variety of claims concerning her employment with that agency. Some of those claims were dismissed by predecessor judges, after which DHS filed a motion for summary judgment and Garner filed a motion to dismiss. On October 23, 2018, the Court filed an opinion granting DHS's motion for summary judgment and granting most of Garner's motion to dismiss, leaving intact a single claim against Garner individually for prospective relief based on allegations of retaliation in violation of the Family and Medical Leave Act (FMLA). The Court dismissed a claim for money damages under that theory. Garner had not challenged the viability of the plaintiff's FMLA retaliation claim, which was found in Count IV of the amended complaint, and although the Court found no evidence in the record of adverse action (thereby dismissing retaliation claims against DHS), Garner had not filed a motion for summary judgment. The Court allowed Garner to file another dispositive motion.

Inexplicably, Garner chose to file a second motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting some of the same arguments the Court rejected in the earlier opinion. The Court converted that motion to a motion for summary judgment, allowing both sides to submit additional materials for consideration under Rule 56. *See* Fed. R. Civ. P. 12(d). The new materials Cook has submitted provide no factual support for the idea that her relocation to a different office constituted an adverse employment action, and there is no evidence in the record to support Cook's claim that Garner told hiring personnel at other state agencies to ignore Cook's job application. Because Cook had not offered any evidence to create a genuine fact question on that critical element of her retaliation claim, the Court will grant Garner's motion to dismiss — construed as a motion for summary judgment — and dismiss the remaining count of the amended complaint.

I.

The facts of the case were covered at length in the Court's earlier opinion and order granting in part Garner's motion to dismiss and granting DHS's motion for summary judgment. *See* ECF No. 124, PageID.1521-31. Among other things, the Court dismissed with prejudice Cook's FMLA retaliation claim insofar as she sought money damages from Garner but denied Garner's motion as to the request for equitable relief.

On November 6, 2018, Garner filed a second motion to dismiss the amended complaint arguing, again, that the FMLA retaliation claim fails as a matter of law. In Count IV, Cook alleges that she was criticized and retaliated against by her coworkers and supervisors after applying for and taking qualified FMLA leave. Amend. Compl. ¶¶ 56-57. She alleges that she attempted to raise the issue with Garner, who summarily rejected Cook's concerns. *Id.* ¶¶ 58-59. Cook refers to an email thread from June 2011 in which she informed Garner that her supervisor inappropriately had questioned another coworker about Cook leaving work early for a doctor's

appointment. Cook Email June 2011, ECF No. 11-7, PageID.219. Garner responded that she spoke with both employees and determined that there was "nothing suspect in the inquiry . . . it was asked just to ensure we could cover the phones." *Ibid.*

Cook also alleges in the amended complaint that in retaliation for exercising her rights under the FMLA, (1) Cook was "demoted" to the Davidson County office and (2) Garner interfered with Cook's subsequent job search by badmouthing her to hiring personnel. Amend. Compl. ¶¶ 61-63.

On May 23, 2019, the Court entered an order converting Garner's second motion to dismiss into a motion for summary judgment, since the question of adverse action was fact-based and the Court had to consider matters outside the pleadings to address it. *See* ECF No. 133. The order permitted the parties to file additional material they wished to be considered as part of the Court's review. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

On June 4, 2019, apparently in response to the order, Cook filed a motion for summary judgment and "motion for award." *See* ECF No. 134. The disorganized filing recites several incidents — all of which apparently occurred within the last year following her termination from DHS in April 2018 — that Cook believes establish that State of Tennessee agencies have been colluding to deny her a livelihood. Cook accuses the Department of Labor of wrongfully withholding unemployment benefits, and she represents that she has been turned away from "thousands" of jobs, recently by the Department of Transportation, which apparently offered her a position only to rescind the offer days later. She says that "TennCare" fired her after she missed

work for a court appearance, even though she was told that her absence would be excused. Cook asserts that she has been harassed about delinquent payments by a Tennessee Employment Credit Union employee who apparently refused to accept Cook's money and instead threatened her with a lawsuit. She also makes incoherent reference to a reinstatement hearing before an appeals board in September 2018 that she believes was conducted unprofessionally and without supporting evidence. In her motion, Cook attempts to state new claims for discrimination based on Cook's disability and retaliation for having pursued this lawsuit.

On June 13, 2019, Garner responded to the plaintiff's filing, objecting to the relief sought on four grounds: (1) the plaintiff attempts to hold DHS liable even though it is no longer a party to the case; (2) the motion for summary judgment is untimely as the filing deadline passed in September 2017, and the Court did not permit a late filing; (3) the plaintiff has not pointed to any evidence that was produced during discovery to support her claims, all of which postdate the close of discovery; and (4) the plaintiff has failed to comply with the local rules governing motion practice. *See* ECF No. 136.

For her own motion, Garner argues first that regardless of the relief sought, Cook's FMLA claim fails as a matter of law because Garner cannot be held liable in her individual capacity. Second, Garner argues that even if she could be held individually liable, Cook's claim falls outside the two-year statute of limitations. Finally, Garner argues that none of the alleged retaliatory conduct constitutes an adverse employment action under the FMLA.

II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the motion record, "[t]he court must view the evidence and draw all

work for a court appearance, even though she was told that her absence would be excused. Cook asserts that she has been harassed about delinquent payments by a Tennessee Employment Credit Union employee who apparently refused to accept Cook's money and instead threatened her with a lawsuit. She also makes incoherent reference to a reinstatement hearing before an appeals board in September 2018 that she believes was conducted unprofessionally and without supporting evidence. In her motion, Cook attempts to state new claims for discrimination based on Cook's disability and retaliation for having pursued this lawsuit.

On June 13, 2019, Garner responded to the plaintiff's filing, objecting to the relief sought on four grounds: (1) the plaintiff attempts to hold DHS liable even though it is no longer a party to the case; (2) the motion for summary judgment is untimely as the filing deadline passed in September 2017, and the Court did not permit a late filing; (3) the plaintiff has not pointed to any evidence that was produced during discovery to support her claims, all of which postdate the close of discovery; and (4) the plaintiff has failed to comply with the local rules governing motion practice. *See* ECF No. 136.

For her own motion, Garner argues first that regardless of the relief sought, Cook's FMLA claim fails as a matter of law because Garner cannot be held liable in her individual capacity. Second, Garner argues that even if she could be held individually liable, Cook's claim falls outside the two-year statute of limitations. Finally, Garner argues that none of the alleged retaliatory conduct constitutes an adverse employment action under the FMLA.

II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the motion record, "[t]he court must view the evidence and draw all

reasonable inferences in favor of the non-moving party, and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

"The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Id.* at 558. (citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)). "Once that occurs, the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Ibid.* (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

"[T]he party opposing the summary judgment motion must do more than simply show that there is some 'metaphysical doubt as to the material facts.'" *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)) (internal quotation marks omitted). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting 477 U.S. at 248).

A.

Cook filed a response to Garner's converted motion for summary judgment and a separate motion for summary judgment seeking affirmative relief. The filings are rambling and incoherent. She does not refute directly Garner's arguments and instead relies on a 15-page spreadsheet that chronicles the "trail of numerous complaints filed against the Defendants" since 1987. She also argues that it is inappropriate for the State's attorney general to represent Garner in this case. The only pertinent argument that can be gleaned from her response is that she believes Garner qualifies as an employer subject to personal liability under the FMLA. But the case she cites for that proposition, *Graziadio v. Culinary Institute of America*, 817 F.3d 415 (2d Cir. 2016), addresses whether a private, individual employer exercised sufficient control over the plaintiff to be held liable under the FMLA. It is not helpful on any of the issues in this case.

Aside from filing the motion out of time, Cook has not identified any part of the record "that demonstrate the absence of a genuine dispute over material facts" on her affirmative claim for relief. *Alexander*, 576 F.3d at 558. And, for the reasons discussed below, the facts are decidedly against her. Cook's motion for summary judgment will be denied.

B.

As mentioned, Garner makes three arguments in her converted motion for summary judgment: Cook's FMLA retaliation claim for prospective relief fails as a matter of law because Garner cannot be held liable in her individual capacity; Cook's claim falls outside the two-year statute of limitations; and none of the alleged retaliatory conduct constitutes an adverse employment action under the FMLA.

1.

For her first argument, Garner relies primarily on *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), and *Crugher v. Prelesnik*, 761 F.3d 610 (6th Cir. 2014). She contends that the Court misread those cases when it did not dismiss Cook's claim for prospective relief in its last opinion. Garner, again, is incorrect.

The FMLA "creates a private right of action to seek both equitable relief and money damages 'against any employer (including a public agency) in any Federal or State court of competent jurisdiction.'" *Coleman v. Court of Appeals Md.*, 566 U.S. 30, 34 (2012) (quoting 29 U.S.C. § 2617(a)(2)). In *Coleman*, the Supreme Court held that Congress invalidly abrogated states' sovereign immunity from suits for money damages in enacting the FMLA's self-care provision. *Id.* at 43-44. The exception to sovereign immunity set forth in *Ex Parte Young*, 209 U.S. 123 (1908), however, "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). In *Diaz v. Michigan Department of Corrections*, 703 F.3d 956, 966 (6th Cir. 2013), the Sixth Circuit held that a state employee is permitted to seek prospective relief against a state official for violating the FMLA's self-care provision as long as the employee sufficiently alleges "an ongoing violation of federal law to

maintain his equitable claim." *See also Cimerman v. Cook*, 561 F. App'x 447, 449 (6th Cir. 2014) ("This court has held that claims against state officials in their official capacity seeking equitable, prospective relief in the form of reinstatement to enforce their purported FMLA rights to self-care leave are permissible under the *Ex parte Young* exception to the Eleventh Amendment.").

Garner apparently concedes all that, and instead rests her argument on a pleading technicality. Citing *Mitchell*, Garner argues that because Cook pleaded only individual capacity claims against her, Cook cannot seek equitable relief under the FMLA. *See Mitchell*, 343 F.3d at 833 ("[T]he district court correctly interpreted the FMLA as to preclude Mitchell's individual capacity claims under the statute."). And she believes that contrary to the Court's reading, *Crugher v. Prelesnik* only supports her position. *See Crugher*, 761 F.3d at 615 ("We agree with the dissent that *Mitchell* precludes FMLA claims against state employees in their *individual* capacities."). According to Garner, equitable relief is foreclosed because Cook did not plead an official capacity claim against her.

In fixating on the words "individual capacity," Garner misses the point of *Ex Parte Young* and Sixth Circuit precedent. As the *Crugher* court emphasized, "*Diaz* clarified that '[t]he Supreme Court and this Circuit barred suits for *damages* only, not for equitable relief." *Ibid.* (quoting *Diaz*, 703 F.3d at 964 (emphasis in original)). *Mitchell* foreclosed suits for money damages against state officials under the FMLA, whereas *Diaz* and *Crugher* clarified that suits for equitable relief against state officials were not barred by the Eleventh Amendment. *See Crugher*, 761 F.3d at 616 ("[T]he Eleventh Amendment does not bar suits against state officials for equitable relief to enforce the FMLA's self-care provision."). The Court cannot expect Cook, a *pro se* litigant, to know that she must plead an *Ex Parte Young* claim against a state official in her official capacity in order to obtain equitable relief. It is even more unreasonable for Garner to expect to succeed on a pleading

technicality simply because Cook used the wrong label in seeking reinstatement. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("[T]he distinction between official-capacity suits and personal-capacity suits is more than 'a mere pleading device.'") (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Garner does not dispute that a plaintiff may seek equitable relief under the FMLA's self-care provision against state officials. The Court ought to give Cook the benefit of the doubt that had she known prospective relief must be pleaded against Garner in her official capacity, she would have done so.

2.

"The statute of limitations for FMLA actions is two years; three years if the violation is willful." *Crugher*, 761 F.3d at 620 (citing 29 U.S.C. § 2617(c)). The defendant argues that the alleged retaliatory conduct falls outside the applicable statute of limitations even when generously construing the plaintiff's allegation as a willful violation. According to the defendant's reading of the amended complaint, Garner allegedly violated the FMLA when she disregarded Cook's complaints that her coworkers and supervisors were retaliating against her for requesting and taking FMLA leave in June 2011. However, the amended complaint clearly states that the alleged retaliatory conduct also consisted of Cook's "demotion" to the Davidson County office and Garner's badmouthing of Cook when she applied for other positions — events that occurred well within the limitations period. *See* Amend. Compl. ¶¶ 61-62, ECF No. 25, PageID.507. Cook filed her original complaint on September 23, 2015. She was transferred to the Davidson County Office in December 2014, and Garner's alleged sabotaging of Cook's subsequent job search occurred

thereafter. Even if Garner's "failure to act" theory of retaliation is foreclosed under the statute of limitations, the other alleged violations plainly are not time-barred.

3.

"'The FMLA affords employees protection in the event they suffer retaliation or discrimination for exercising their rights under the FMLA. Specifically, an employer is prohibited from discriminating against employees who have used FMLA leave, nor can they use the taking of FMLA leave as a negative factor in employment actions.'" *Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 376 (6th Cir. 2017) (quoting *Arban v. West Pub. Corp.*, 345 F.3d 390, 403 (6th Cir. 2003) (quotation marks and alterations omitted)).

To establish a case of retaliation under the FMLA, a plaintiff must show that: (1) the plaintiff engaged in activity protected by the FMLA; (2) the employer knew that she was exercising a right under the Act; (3) the employer took adverse action against her after learning that the plaintiff exercised a right under the FMLA; and (4) there is a causal connection between the employee's protected activity and the employer's adverse employment action. *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012); *see also Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001).

As an initial matter, the Court need not look beyond the factual recitation in the earlier opinion to inform its decision here. Although Cook submitted additional material in response to the Court's order converting Garner's second motion to dismiss into one for summary judgment, none of the "evidence" presented concern the questions before the Court, that is, whether the plaintiff's relocation constituted an adverse employment action and whether Garner tried to prevent the plaintiff from obtaining employment elsewhere. If the plaintiff seeks review of the

new allegations of retaliation raised in her recent filing, she must file a new complaint once she obtains consent from the EEOC on those charges.

Turning to the merits, Garner exclusively concentrates her argument on whether any of the alleged retaliatory conduct constitutes an adverse employment action under the FLMA, emphasizing that the Court already disposed of this issue in the Title VII context. In determining whether a plaintiff suffered an adverse employment action, the Sixth Circuit has adopted the definition used in Title VII cases: the plaintiff "must show that a reasonable employee would have found the challenged action materially adverse." *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 639 (6th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)); *see also Crawford v. JP Morgan Chase & Co.*, 531 F. App'x 622, 627 (6th Cir. 2013) (applying the *Burlington* standard to retaliation claims under the FMLA).

In the opinion granting the defendants' motion for summary judgment, this Court concluded that "[t]he transfer to the Davidson County office does not constitute a materially adverse action because it did not change Cook's salary, title, benefits, work hours, or work schedule." Opinion at 29, ECF No. 124, PageID.1548. Pointing to letters and other documents furnished by the plaintiff in support of her complaint, the Court explained that "Cook's argument that her transfer was a demotion rests ultimately on her own displeasure with and opinion of the position." *Id.*, PageID.1550.

The Court also found that "there is no evidence that the DHS or Garner prevented Cook from obtaining a different state job after she was transferred to the Davidson County office." *Id.*, PageID.1550. The Court's analysis focused on the downward adjustment of Cook's employment score in 2007 and Cook's difficulty accessing the State of Tennessee's online job application system. *Id.*, PageID.1550-51. The Court did not address specifically whether Garner attempted

to influence those with decisionmaking authority to prevent Cook from gaining employment elsewhere as alleged in Count IV of the amended complaint. *See* Amend. Compl. ¶ 63 ("[U]pon information and belief, after Plaintiff's demotion, Garner told hiring personnel with decision-making authority to not hire Plaintiff in retaliation for her exercise of her rights under the FMLA, including her complaints of retaliation for exercise of those rights."). But in the factual recitation, the Court noted that there was no evidence to back up the charge, based on Garner's testimony that "she had no knowledge of jobs to which Cook applied after Cook's transfer to the Davidson office, nor did she take any action to harm Cook's chances of employment with DHS or other state agencies." Opinion at 12, ECF No. 124, PageID.1531.

The plaintiff's relocation to the Davidson County office did not constitute an adverse employment action, and there is no evidence in the record that Garner otherwise interfered with the plaintiff's application to a different agency. Even when viewing the facts in the light most favorable to the plaintiff, Cook's remaining claim cannot survive summary judgment.

III.

The plaintiff has not stated a claim against defendant Maria Garner for which relief can be granted in Count IV of the amended complaint alleging retaliation for exercising rights under the FMLA. Nor has the plaintiff shown that she is entitled to affirmative relief as a matter of law.

Accordingly, it is **ORDERED** that defendant Maria Garner's motion to dismiss, converted to a motion for summary judgment (ECF No. 125), is **GRANTED**. Count IV of the amended complaint is **DISMISSED WITH PREJUDICE** in its entirety.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 134) is **DENIED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge  
Sitting by Special Designation

Date: July 26, 2019